Keith Fichtelman (SBN 262476)
**NELSON COMIS KETTLE & KINNEY LLP**
5811 Olivas Park Drive, Suite 202
Ventura, California 93003
Telephone: 805.604.4100
Facsimile: 805.604.4150
Email: kfichtelman@calattys.com

Attorneys for Plaintiff
ALEXEY SHAMRAEV

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXEY SHAMRAEV, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK, INC., a California Corporation; BYTEDANCE, INC., a Delaware Corporation; TIKTOK, LTD., a Cayman Islands Company; BYTEDANCE, LTD., a Cayman Islands Company;<br><br>Defendants. | Case No.: 2:22-cv-01811<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ALEXEY SHAMRAEV ("Shamraev" or "Plaintiff") hereby brings this Complaint against TIKTOK, INC. ("TTI"); BYTEDANCE, INC. ("BDI"); TIKTOK, LTD. ("TTL"); and BYTEDANCE, LTD. ("BDL") (collectively "Defendants") as follows:

1. Mr. Shamraev is a freelance online content developer. Among other things, Mr. Shamraev designs and develops video templates. Licenses to use such templates are offered for sale commercially to users who can then use the templates to create professional looking videos and compilations for display on such things as their websites and social media accounts.

2. In or about 2013, Mr. Shamraev developed one such template entitled "Ancient World." Ancient World is a sand animation project wherein a hand moves across the screen appearing to spread sand and revealing various images and/or text. Mr. Shamraev posted a video preview of Ancient World on the YouTube and Vimeo video sharing websites in May 2013. These previews have been viewed thousands of times.

3. Recently, Mr. Shamraev discovered that Defendants have misappropriated and made use of Mr. Shamraev's work through their TikTok mobile app and website (collectively, "TikTok") in violation of Mr. Shamraev's copyrights. Specifically, Defendants have allowed its users to create videos using templates that improperly copied images from Mr. Shamraev's Ancient World work and is otherwise substantially similar to Mr. Shamraev's work.

4. Mr. Shamraev has made demands for Defendants to remove the infringing content from TikTok, but Defendants have ignored such demands and end user's videos remain on TikTok. Mr. Shamraev therefore brings this suit to enforce his rights and to seek damages.

# PARTIES

5. Mr. Shamraev is an individual who resides in and is a citizen of Russia.

6. Defendant TTI is a company incorporated in California, with its principal place of business in Culver City, California. Per its website's terms and conditions, TTI provides TikTok to US based users.

7. Defendant BDI is a company incorporated in Delaware, with its principal place of business in Mountain View, California. BDI has described itself in other litigation in this district as a developer or maker of TikTok.

8. Defendant TTL is a company based in the Cayman Islands. On information and belief, TTL is a parent company of TTI and related companies which operate or provide TikTok in various countries around the world, including the United States.

9. Defendant BDL is a company based in the Cayman Islands. BDL has described itself in pleadings before other US courts as "a global company . . . with offices in the United States, China, Singapore, and the United Kingdom, among others. [BDL] owns and operates a variety of mobile software applications that enable people around the world to connect with, consume, and create entertainment content, including TikTok."[1]

# JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to Title 28 of the United States Code sections 1331 and 1338 as this case arises under the laws of the United States and/or an act of Congress relating to copyrights. Specifically, this case arises under Title 17 of the United States Code, the Copyright Act.

---

[1] *See TikTok, Inc., et al., vs. Trump, et al.* United States District Court for the District of Columbia, Case No. 1:20-cv-02658, Dkt. No. 1 (Complaint) at ¶ 13.

11. This Court has personal jurisdiction over Defendant TTI as its principal place of business is located within this District in Culver City, California.

12. This Court has personal jurisdiction over Defendant BDI as its principal place of business is located within the State of California in Mountain View, California.

13. On information and belief, this Court has personal jurisdiction over Defendant TTL as it has purposefully directed its activities toward and engaged in numerous specific contacts within this District, including by soliciting and providing goods and services to people in this District in the form of TikTok and has numerous users in this District.

14. This Court has personal jurisdiction over Defendant BDL as it maintains offices in Los Angeles. Furthermore, BDL has purposefully directed its activities toward and engaged in numerous specific contacts within this District, including by soliciting and providing goods and services to people in this District in the form of TikTok and has numerous users in this District.

15. Venue is proper in this District pursuant to Title 28 of the United States Code sections 1391 and 1400. At least one Defendant, TTI, is based within this District and a substantial part of the events giving rise to these claims occurred in this District. Specifically, Defendants have profited from numerous users accessing the infringing content on TikTok within this District.

**GENERAL ALLEGATIONS**

16. Mr. Shamraev is a freelance content produced. Among other things, Mr. Shamraev produces video templates whereby users can purchase a license whereby they are granted license to use a video template and instructions for how to adapt the template for their specific purpose.

NELSON COMIS KETTLE & KINNEY LLP
5811 Olivas Park Drive, Suite 202
Ventura, California 93003

17. In or about 2013, Mr. Shamraev created the Ancient World template. The template involves a demonstration of sand animation whereby a video of Mr. Shamraev's hand moves across the screen appearing to shift sand around the screen to reveal pictures underneath. With the template, users can insert their own images so that they are revealed on the screen as Mr. Shamraev's hand moves the sand.

18. Since May 2013, Mr. Shamraev has sold single-use licenses for use of the Ancient World template through an online marketplace at videohive.net. Since at least January 1, 2019, the cost of such single use license was $49.00. While the videohive marketplace allows for sales of multi-use licenses, Mr. Shamraev had elected not to sell such multi-use licenses in order to maintain greater control over his product.

19. In or about February 2021, Mr. Shamraev discovered that Defendants had created a template on TikTok called "Sand Painting" that illegally copied images from Mr. Shamraev's Ancient World template. The TikTok template allows users to insert their own images into the template which are then revealed on the screen as Mr. Shamraev's hand moves around the screen shifting sand to reveal the image.

20. The following side-by-side comparisons show the TikTok template(s) on the left and images from Ancient World on the right. Notably, it




does not appear that Defendants created similar looking images to Ancient World, but instead actually copied the images for use in their template(s).

21. Shortly after discovering that TikTok was using his images in the Sand Painting template, Mr. Shamraev discovered a second TikTok template called "Sand Painting 2" that was also illegally copying Mr. Shamraev's images. The templates not only use Mr. Shamraev's copyrighted images, but also create a substantially similar effect of allowing users' images to be revealed through the hand shifting sand on the screen.

22. The end product created by users using TikTok's Sandpainting and Sandpainting 2 templates consist of two elements: (1) Mr. Shamraev's images of his hand shifting sand around the screen and (2) the user's own images. Thus, the templates posted by TikTok, prior to users adding their own images, are entirely derived from and consist of Mr. Shamraev's copyrighted work. TikTok has not in any meaningful way contributed anything of value to the template beyond Mr. Shamraev's copyrighted images.

23. Soon after discovering TikTok's use of his copyright work, Mr. Shamraev applied for US copyright protection and the United States Copyright Office issued Mr. Shamraev a copyright for Ancient World on March 12, 2021, as copyright number PA0002291720.

24. It appears that many users tag their videos created using the templates with the hashtags #sandpainting including in several other languages including, among others, #sunlesaathiya (Tamil), #沙畫 (Mandarin), #рисунокизпеска (Russian), #efectoarena (Spanish), etc. Searches for these hashtags reveal that videos tagged with these phrases have been viewed over 1.8 billion times on TikTok:

#sandpainting – 1,800,000,000+ Views

#sunlesaathiya – 15,400,000+ Views

#沙畫 – 923,300+ Views

#рисунокизпеска – 95,800+ Views

#efectoarena – 18,600+ Views

25. Based on estimated average views per video, it appears that there have been over 1 million user created videos using the infringing templates.

26. On or about March 4, 2021, Mr. Shamraev, through counsel, advised Defendants of his copyright claims and demanded that Defendants remove the infringing templates from its application and remove all videos created by users using the templates. Defendants failed to fully comply with these demands.

27. Defendants are part of a global collection of companies that were estimated to have profits of over $4 billion on revenues of over $60 billion in 2021. Much of TikTok's success can be credited to the work of independent content creators who willingly post their work on TikTok and drive traffic to the application. Defendants' actions here are especially egregious as they are now stealing the work of independent content creators like Mr. Shamraev, who did not choose to have their work posted on TikTok, and profiting from such theft,.

28. Mr. Shamraev therefore brings this action to stop Defendants from illegally infringing Mr. Shamraev's copyrights and for damages.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### [Against all Defendants]

29. Mr. Shamraev realleges and incorporates by reference the allegations set forth in the foregoing paragraphs above as though set forth fully herein.

30. Mr. Shamraev has existing copyrights in his work entitled Ancient World. Mr. Shamraev created the Ancient World work and first posted the work online in 2013. Mr. Shamraev has also registered the work with the United States Copyright Office.

31. Defendants illegally copied Mr. Shamraev's Ancient World work by copying images from the Ancient World work and incorporating them into the TikTok Sandpainting and Sandpainting 2 templates without license to do so.

32. TikTok's Sandpainting and Sandpainting 2 templates are substantially similar to Mr. Shamraev's Ancient World work.

33. Defendants did not have authorization to copy Mr. Shamraev's work.

34. By, among other things, duplicating, copying, distributing, publicly displaying, and/or creating derivative works of Mr. Shamraev's copyrighted work, the Defendants, and each of them, directly infringed Mr. Shamraev's copyrights in violation of the copyright laws of the United States, including 17 U.S.C. section 101, *et seq.*

35. The Defendants also contributorily and/or vicariously infringed Mr. Shamraev's copyrights. Defendants had the right and ability to supervise and control the infringing activity alleged herein and each received a direct financial benefit from the infringing activity.

36. The Defendants' acts of direct, vicarious, and/or contributory infringement were intentional, willful, and malicious, and performed with knowledge that the works they or others were copying, publicly displaying, and/or creating derivatives works of were copyrighted works whose copyright they did not own and for which they lacked authorization to make use of.

37. Mr. Shamraev is entitled to disgorge Defendants' profits, to recover actual damages, and/or receive statutory damages, all in an amount to be determined at trial, as a result of Defendants' infringement of Mr. Shamraev's copyright rights. Mr. Shamraev is also entitled to a permanent injunction prohibiting continuing and/or future infringement of his rights, and ordering removal and destruction of all infringing content and their copies.

# PRAYER

Wherefore, Mr. Shamraev prays for judgment and relief from the Court as follows:

   a. For copyright damages, including Mr. Shamraev's actual damages and for any (non-duplicative) profits of the Defendants;
   b. For pre- and post-judgment interest on all awards for which they are available;
   c. For permanent injunctive relief prohibiting all Defendants, their officers, agents, related entities, successors, and assigns, and all persons acting in concert with them, from further acts of direct or indirect copyright infringement;
   d. For an order requiring the removal and destruction of all content infringing Mr. Shamraev's copyrights from their website and applications;
   e. For reasonable attorneys' fees and costs incurred herein, to the extent allowed by law or contract;
   a. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all causes of action and issues that are triable by a jury.

Dated: March 18, 2022

**NELSON COMIS KETTLE & KINNEY LLP**
By: /s/ Keith Fichtelman
_____
Keith Fichtelman
Attorneys for Plaintiff
ALEXEY SHAMRAEV