KENDALL BRILL & KELLY LLP
Philip M. Kelly (212174)
  pkelly@kbkfirm.com
Nary Kim (293639)
  nkim@kbkfirm.com
Daniel Barlava (334910)
  dbarlava@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Defendants TikTok Inc.,
ByteDance Inc., TikTok Ltd., and
ByteDance Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXEY SHAMRAEV, an Individual,<br><br>              Plaintiff,<br><br>       v.<br><br>TIKTOK INC., a California Corporation, BYTEDANCE INC., a Delaware Corporation, TIKTOK LTD., a Cayman Islands Company BYTEDANCE LTD., a Cayman Islands Company,<br><br>              Defendants. | Case No. 2:22-cv-01811-SB-MAR<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Courtroom 6C |

Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., and ByteDance Ltd. (collectively, "Defendants") hereby answer the Complaint of Alexey Shamraev ("Plaintiff") as follows:

## ANSWER

1. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 and deny the allegations on that basis.

2. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 and deny the allegations on that basis.

3. Defendants deny Paragraph 3. To the extent Paragraph 3 contains legal conclusions, no responsive pleading is required.

4. Defendants deny Paragraph 4. To the extent Paragraph 4 contains legal conclusions, no responsive pleading is required.

5. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 and deny the allegations on that basis.

6. Defendants admit that TikTok Inc. is a California corporation with its principal place of business in Culver City, California. Defendants admit that TikTok Inc.'s Terms of Service for users in the United States state: "Welcome to TikTok (the 'Platform'), which is provided by TikTok Inc. in the United States." *See* https://www.tiktok.com/legal/terms-of-service-us?lang=en.

7. Defendants admit that ByteDance Inc. is a Delaware corporation with its principal place of business in Mountain View, California. In the absence of a specific case citation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "BDI has described itself in other litigation in this district as a developer or maker of TikTok" and deny the allegations on that basis.

603342787.2   2   Case No. 2:22-cv-01811-SB-MAR
DEFENDANTS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

8. Defendants admit that TikTok Ltd. is a company registered in the Cayman Islands. Defendant admit that TikTok Ltd. is a parent company of TikTok Inc. Defendants deny the balance of the factual allegations in Paragraph 8.

9. Defendants admit that ByteDance Ltd. is a company registered in the Cayman Islands. Defendants admit that Paragraph 13 of the Complaint for Injunctive and Declaratory Relief, filed on September 18, 2020 in the case captioned *TikTok Inc., et al. v. Trump, et al.* (D.D.C. Case No. 20-cv-2658), alleged "Plaintiff ByteDance Ltd. ('ByteDance') is a global company incorporated in the Cayman Islands, with offices in the United States, China, Singapore, the United Kingdom, and India, among others. ByteDance owns and operates a variety of mobile software applications that enable people around the world to connect with, consume, and create entertainment content, including TikTok."

10. No responsive pleading is required as to the legal conclusions asserted in Paragraph 10. In addition, Defendants deny that the Court has subject-matter jurisdiction over this case because Plaintiff does not have a viable cause of action under the U.S. Copyright Act, which is the sole basis for this Court's subject-matter jurisdiction.

11. Defendants admit that Tik Tok Inc.'s principal place of business is located in Culver City, California. To the extent Paragraph 11 contains legal conclusions, no responsive pleading is required.

12. Defendants admit that ByteDance Inc.'s principal place of business is located in Mountain View, California. To the extent Paragraph 12 contains legal conclusions, no responsive pleading is required.

13. Defendants admit that the TikTok software application is available to users in this District. To the extent Paragraph 13 contains legal conclusions, no responsive pleading is required.

14. No responsive pleading is required as to the legal conclusions asserted in Paragraph 14. In addition, Defendants deny that the Court has personal jurisdiction

over ByteDance Ltd.

15. Defendants admit that TikTok Inc.'s principal place of business is in Culver City, California. Defendants deny the balance of the factual allegations in Paragraph 15, including the allegations that "a substantial part of the events giving rise to these claims occurred in this District" and that "Defendants have profited from numerous users accessing the infringing content on TikTok within this District." To the extent Paragraph 15 contains legal conclusions, no responsive pleading is required.

16. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 and deny the allegations on that basis.

17. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 and deny the allegations on that basis.

18. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 and deny the allegations on that basis.

19. Defendants deny Paragraph 19. To the extent Paragraph 19 contains legal conclusions, no responsive pleading is required.

20. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning the origin of the images depicted in Paragraph 20, and deny the allegation purporting to show a side-by-side comparison of two images on that basis. Defendants deny the balance of the factual allegations in Paragraph 20. To the extent Paragraph 20 contains legal conclusions, no responsive pleading is required.

21. Defendants deny Paragraph 21. To the extent Paragraph 21 contains legal conclusions, no responsive pleading is required.

22. Defendants deny Paragraph 22. To the extent Paragraph 22 contains

legal conclusions, no responsive pleading is required.

23. Defendants admit that registration information for a "Motion Picture" with the title "Ancient World" and registration number PA0002291720 is available on the U.S. Copyright Office website. Defendants deny that the registration is valid and deny the remaining allegations in Paragraph 23.

24. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 and deny the allegations on that basis.

25. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the number of views and/or videos in Paragraph 25 and deny the allegations on that basis. To the extent Paragraph 25 contains legal conclusions, including concerning any purported infringement, no responsive pleading is required.

26. Defendants admit that Plaintiff, through counsel, sent correspondence to certain of the Defendants on or about March 4, 2021. Defendants deny the balance of the factual allegations in Paragraph 26. To the extent Paragraph 26 contains legal conclusions, including concerning the validity of the purported copyright claims and demands for removal of videos, no responsive pleading is required.

27. The allegations in Paragraph 27 characterizing Defendants as a "global collection of companies" and purporting to describe the estimated profits and revenues are unintelligible, vague, and ambiguous. Among other things, it is unclear which Defendant or Defendants is or are the subject of those characterizations and/or estimations, and Defendants deny such allegations on that basis. Defendants admit that certain independent content creators have uploaded their content on TikTok which may drive traffic to the TikTok software application. Defendants deny the balance of the factual allegations in Paragraph 27. To the extent Paragraph 27 contains legal conclusions, no responsive pleading is required.

28. No responsive pleading is required as to the legal conclusions asserted

in Paragraph 28. To the extent Paragraph 28 makes allegations of fact, those allegations are denied.

29. Defendants incorporate by reference their responses to the allegations of the Complaint, including as set forth in Paragraphs 1 through 29.

30. Defendants admit that registration information for a "Motion Picture" with the title "Ancient World" and registration number PA0002291720 is available on the U.S. Copyright Office website. Defendants deny that the registration is valid. Defendants are currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 30 and deny the allegations on that basis. To the extent Paragraph 30 contains legal conclusions, no responsive pleading is required.

31. Defendants deny Paragraph 31. To the extent Paragraph 31 contains legal conclusions, no responsive pleading is required.

32. Defendants deny Paragraph 32. To the extent Paragraph 32 contains legal conclusions, no responsive pleading is required.

33. Defendants deny Paragraph 33. To the extent Paragraph 33 contains legal conclusions, including concerning the validity of Plaintiff's purported copyright, no responsive pleading is required.

34. Defendants deny Paragraph 34. To the extent Paragraph 34 contains legal conclusions, no responsive pleading is required.

35. Defendants deny Paragraph 35. To the extent Paragraph 35 contains legal conclusions, no responsive pleading is required.

36. Defendants deny Paragraph 36. To the extent Paragraph 36 contains legal conclusions, no responsive pleading is required.

37. Defendants deny Paragraph 37. To the extent Paragraph 37 contains legal conclusions, no responsive pleading is required.

With respect to the Prayer for Relief of the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested. Specifically, Defendants deny that

Plaintiff has been, is being, or will be harmed or damaged by Defendants in any way, and thus deny any and all of the allegations in the Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants further plead the following separate and additional defenses.  By pleading these defenses, Defendants do not in any way agree or concede that they have the burden of proof or persuasion on any of these issues.  Defendants reserve the right to assert such additional affirmative defenses as discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim Upon Which Relief May Be Granted)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

2. Defendants object that the Court lacks personal jurisdiction over some or all of them, and specifically over ByteDance Ltd., which is not incorporated in this District, does not maintain physical offices in this District, does not conduct business within this District, and engages in no other activity that could provide the basis for personal jurisdiction.

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

3. The Complaint is barred, in whole or in part, by the doctrine of fair use.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack Of Originality)

4. The Complaint is barred, in whole or in part, to the extent the work at issue lacks originality.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack Of Ownership)

5. The Complaint is barred, in whole or in part, to the extent Plaintiff is not

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

the sole author of the allegedly copyrighted work.

## SIXTH AFFIRMATIVE DEFENSE
### (Independent Creation)

6. The Complaint is barred, in whole or in part, because Defendants independently created all of the protectable elements of the allegedly infringing work.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Substantial Similarity)

7. The Complaint is barred, in whole or in part, because the allegedly infringing work is not substantially similar to any alleged copyrighted work.

## EIGHTH AFFIRMATIVE DEFENSE
### (Scènes À Faire / Merger)

8. The Complaint is barred, in whole or in part, under the doctrines of scènes à faire and/or merger.

## NINTH AFFIRMATIVE DEFENSE
### (No Infringement Claim Based On Unregistered Works)

9. The Complaint is barred, in whole or in part, to the extent the alleged infringement pre-dates Plaintiff's copyright registration.

## TENTH AFFIRMATIVE DEFENSE
### (Invalid Or Unenforceable Copyright)

10. The Complaint is barred, in whole or in part, because Plaintiff's copyright is invalid or unenforceable.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Limitation On Liability For Transitory Digital Network Communications)

11. The Complaint is barred, in whole or in part, to the extent any of the alleged conduct falls within a safe harbor provided by the Digital Millennium Copyright Act, 17 U.S.C. § 512(a).

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Domestic Infringement)**

12. The Complaint is barred, in whole or in part, because there is no act of domestic infringement completed within the U.S.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack Of Subject-Matter Jurisdiction)**

13. The Complaint is barred, in whole or in part, based on a lack of subject-matter jurisdiction.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Copyright Abandonment)**

14. The Complaint is barred, in whole or in part, to the extent Plaintiff has abandoned any rights in the allegedly copyrighted work or failed to comply with any necessary formalities.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure To Join Indispensable Party Or Parties)**

15. The Complaint is barred, in whole or in part, based on a failure to join necessary or indispensable parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack Of Standing)**

16. The Complaint is barred, in whole or in part, based on a lack of standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

17. The Complaint is barred, in whole or in part, by the doctrine of laches.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statute Of Limitations)**

18. The Complaint is barred, in whole or in part, by the statute of limitations.

/ / /

/ / /

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603342787.2

9

Case No. 2:22-cv-01811-SB-MAR

DEFENDANTS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT

### NINETEENTH AFFIRMATIVE DEFENSE

### (Consent Or Estoppel)

19. The Complaint is barred, in whole or in part, based on principles of consent and/or estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

20. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Election Of Remedies)

21. The Complaint is barred, in whole or in part, based on the doctrine of election of remedies.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

22. The Complaint is barred, in whole or in part, due to Plaintiff's failure to mitigate his damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation Of Rights To Add Defenses)

23. Defendants reserve the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by this action and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be found the prevailing party and awarded their attorneys' fees and costs incurred in defending this action; and

4. That Defendants be granted such other and further relief as the Court

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

603342787.2

10

Case No. 2:22-cv-01811-SB-MAR

DEFENDANTS' ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT

1 | may deem just and proper.

3 | DATED: July 5, 2022                    KENDALL BRILL & KELLY LLP

By: _____
Philip M. Kelly
Attorneys for Defendants TikTok Inc.,
ByteDance Inc., TikTok Ltd., and
ByteDance Ltd.